IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KURT ZAMORA,

    Petitioner,

v.                                                      Civ. No. 09-328 MCA/RLP

ERASMO BRAVO, Warden, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1. This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Guadalupe County Correctional Facility, having pled guilty to one count of murder in the second degree and two counts of evidence tampering. *See* Answer [Doc. 9], Exhibit B. He was sentenced to 21 years' imprisonment. The sentencing judge specifically ordered that the 15 years for the murder charge be served first and the two-three year terms for evidence tampering be served consecutively. Judgment was entered on February 15, 2007. Exhibit A.

2. On September 28, 2007 Petitioner filed a petition for writ of habeas corpus in state court. Exhibit C. He alleged the following grounds for relief: prosecutorial misconduct; ineffective assistance of counsel; and imposition of too lengthy a sentence. He also alleges that he was "unsure" of the plea agreement and did not expect to get so lengthy a sentence. On February 13, 2009 the state district judge denied relief and

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

dismissed the petition. Exhibit D. Petitioner then filed a petition for writ of certiorari, Exhibit F, which was denied, Exhibit G.[2]  Petitioner's timely filed § 2254 petition in this Court raises the same issues he raised below. Each will be addressed in turn.

3.    <u>Prosecutorial misconduct</u>.  Petitioner alleges that in the New Mexico State Police Report he told the officers he shot the victim in self-defense. However, at the plea hearing the District Attorney stated that the case was about drugs and failed to mention Petitioner's claim of self-defense. Prosecutorial misconduct ordinarily occurs in the context of a jury trial and a reviewing court must determine whether the misconduct complained of "influenced the jury on grounds other than the evidence presented." *United States v. Gabaldon*, 91 F.3d 91, 94 (10th Cir. 1996) (internal quotation marks & citation omitted). In this matter, Petitioner only reiterates that the state police report indicated Petitioner said the shooting was in self-defense. He offers no factual allegations to support his claim. Conclusory allegations are insufficient to support a claim for habeas relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4.    <u>Ineffective assistance of counsel</u>.  This claim is premised on counsel's failure to advise the judge at the plea hearing that Petitioner had a claim of self-defense. In a plea context, a petitioner must show that counsel's representation was constitutionally ineffective and that, but for the ineffective performance, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As noted above in ¶ 4, Petitioner offers no factual allegations to support his claim. He does not explain why

---

[2] As Respondents note, the petition for writ of certiorari was untimely, *see* Rule 12-501B NMRA, but because the New Mexico Supreme Court appeared to deny the petition on the merits, this Court will not address the issue of procedural default.

he could not have presented his self-defense claim to the trial judge or why he signed the Plea Agreement while believing he had a valid self-defense claim. In sum, Petitioner has failed to make any showing that but for counsel's deficient performance he would have insisted on going to trial. *Lockhart*, *supra*.

5. Finally, Petitioner argues that he was "unsure" about the plea agreement. He does not provide the Court with the grounds for his uncertainty. It may be presumed that he was unsure because he received a much higher sentence than he believed was warranted. In his petition he states that he "should and could have gotten less time, not the maximum as I did receive." Doc. 1 at Page 10. He asks for a "[r]eduction of time and sentence because of self-defense" and wants some time off his sentence. *Id.* at 15.

6. The Plea Agreement states that there is no agreement as to sentence, and it further states that the maximum sentences for second-degree murder is 15 years and criminal tampering is 3 years. Exhibit B. The judge sentenced Petitioner to the maximum. Exhibit A. Petitioner acknowledged that he had read and understood the Plea Agreement. Exhibit B. The Court agrees with Respondents that Petitioner's objections to sentencing is a state and not a federal matter. As discussed previously, Petitioner provides no facts to support a claim of self-defense. Accordingly, I recommend that this case be dismissed with prejudice.

<u>Recommended Disposition</u>

I recommend that the petition for writ of habeas corpus be denied and this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge